ANTHONY K. PETRIE, RESPONDENT, v. PETER ROSEN-
VINGE, APPELLANT.

Submitted March 22, 1920—Decided June 14, 1920.

1. Grounds of appeal not argued by counsel of appellant in the
   brief may be considered as having been abandoned.
2. In order to avail counsel of an omission by the court to charge
   the law applicable to a given case, it must appear that he re-
   quested the court to charge the subject and that his request was
   refused and an objection to such refusal was noted.

On appeal from the Middlesex County Circuit Court.

For the appellant, *John W. McGeehan, Jr.*

For the respondent, *Thomas Brown.*

The opinion of the court was delivered by

KALISCH, J. The only matter brought here for review, as
disclosed by the grounds of appeal, is the charge of the trial
judge in the Circuit Court. The printed case contains the
charge of the court but not the evidence upon which the
charge was based. We must, therefore, assume that the
charge gives a true version of the facts of the case, as estab-
lished by the evidence. For the appellant it is said that suffi-
cient of the facts in the case to raise the grounds of appeal
relied on for a reversal of the judgment under review are
found in the charge of the court. The only two grounds re-
lied on and argued in the appellant's brief are the seventh
and eighth. Grounds of appeal not argued by counsel of ap-
pellant in the brief may be considered as having been aban-
doned. *Manda* v. *United States Express Co.*, 85 N. J. L. 720.

The seventh ground is as follows: "Because the court
failed entirely to charge the jury in any respect upon the law
as to contributory negligence, although contributory negli-
gence was an issue in the case."

This ground of appeal has no proper basis for consideration here, since it does not appear that the trial judge was requested by counsel of appellant to charge the jury on the subject of contributory negligence applicable to the facts of the case. In order to avail himself of such an omission it must appear that he requested the court to charge on the subject and that his request was refused and that an objection to such refusal was noted. That was not done. *Dunne* v. *Jersey City Galvanizing Co.*, 73 *N. J. L.* 586; *Benz* v. *Central Railroad of New Jersey*, 82 *Id.* 197; 83 *Id.* 780; *State* v. *Littmann et al.*, 86 *Id.* 453.

The eighth ground of appeal reads: "Because the court after charging repeatedly the degree of care which the law required toward the plaintiff in the event that the plaintiff was a passenger, failed to charge upon the measure of duty of the defendant to the plaintiff if the plaintiff were a mere trespasser and not a passenger."

The record does not show that the court was requested by counsel of appellant to charge in that respect, and, therefore, the same legal situation is presented as was under the seventh ground of appeal above discussed and determined, and the same result must follow.

The judgment is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, ACKERSON, JJ. 13.

*For reversal*—None.